tion do not dispose of it in a manner that is entirely satisfactory, yet it would seem that under the circumstances of this case the judgment which appellant obtained against the district could not be maintained as a legal judgment.

As, however, in our view of the case, the Circuit Court had no jurisdiction over the subject-matter, it is unnecessary to discuss any other question here. The court below properly dismissed the bill for want of equity, and its decree in so doing will be affirmed.

*Decree affirmed.*

---

## Chicago Warehouse & Silo Fixture Company, Plaintiff in Error, v. Highland Planing Mill & Lumber Company et al., Defendants in Error.

### (Not to be reported in full.)

Error to the County Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded. Opinion filed June 18, 1917.

### Statement of the Case.

Action of assumpsit by Chicago Warehouse & Silo Fixture Company, plaintiff, against Highland Planing Mill & Lumber Company and others, defendants, to recover the purchase price of certain fixtures. From a judgment for defendants, plaintiff brings error.

TERRY, GUELTIG & POWELL and ALBERT, ALBERT & ROE, for plaintiff in error.

WILLIAMSON, BURROUGHS & RYDER, for defendants in error.

Chicago W. & S. F. Co. v. Highland P. M. & L. Co., 206 Ill. App. 458.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 23*—*when recovery of money may be had under common counts.* When a contract has been fully performed and nothing remains to be done but a payment of the money, recovery may be had under the common counts.

2. PLEADING, § 285*—*when leave to file special count is improperly denied.* Where the common counts were filed in a case, and, after the court had announced a finding in favor of the defendant, leave to file a special count was denied, *held* that leave to file such count should have been granted.

3. SALES, § 91*—*when contract is not rescinded.* In an action to recover the price of certain fixtures where the contract gave the purchaser the right to alter the size of the fixtures, and provided that the order could not be altered or countermanded except by mutual consent in writing, and the successor to such purchaser wrote to the seller requesting a cancellation of the contract, and such request was denied and the articles were shipped and defendant refused to receive them, *held* that, in view of the refusal on the part of plaintiff to consent to a revocation, the contract was never rescinded, and there was a delivery of the goods.

4. ASSUMPSIT, ACTION OF, § 23*—*when recovery may be had under common counts.* In an action to recover the price of certain fixtures where the contract gave the purchaser the right to alter the size of the fixtures, and provided that the order could not be altered or countermanded except by mutual consent in writing, and the successor to such purchaser wrote to the seller requesting a cancellation of the contract, and such request was denied and the articles were shipped and defendant refused to receive them, *held* that the contract was not rescinded and that recovery could be had under the common counts.

5. SALES—*what is effect of Uniform Sales Act on contract as to delivery.* The Uniform Sales Act was not intended to supplant a written contract between the parties to a sale, nor to abrogate its terms, and, notwithstanding such act, parties have the right to make such terms by their contracts concerning the delivery of goods as they may desire.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.